# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:16cr122 |
| | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **ANTHONY DIAZ,** | : | |
| **Defendant** | : | |

## **MEMORANDUM**

Before the court is Defendant Anthony Diaz's pretrial motion seeking to strike surplusage from the First Superseding Indictment in this case and requesting that the government be ordered to disclose evidence it intends to introduce at the time of trial.[1] Having been fully briefed, these matters are ripe for disposition.

## **I. Background**

A grand jury in Scranton, Pennsylvania returned an eleven count First Superseding Indictment against the defendant on March 13, 2018, charging him with seven counts of wire fraud in violation of 18 U.S.C. § 1343 and four counts of mail fraud in violation of 18 U.S.C. § 1841. (Doc. 44, Superseding Indictment).

---

[1] As an initial matter, the defendant's pretrial motions were due no later than June 1, 2018. The defendant filed the instant motion on June 7, 2018. He asks us to accept his filing *nunc pro tunc* as of June 1, 2018. With the concurrence of the government, we accept the defendant's motion as timely.

The grand jury found probable cause to believe that between December 20, 2012 and May 2, 2014, Anthony Diaz, who worked as a financial advisor, engaged in a scheme to defraud his clients by misrepresenting the nature of the products in which he invested their money as well as his own employment and regulatory history. (Id.)

On June 7, 2018, the defendant filed the instant pretrial motions. (Doc. 55). After several continuances at the request of the parties, the government filed its brief in opposition on May 28, 2019, (Doc. 79), bringing the case to its present posture.

## II. Discussion

The defendant has filed a motion with the court seeking (1) to strike surplusage from the First Superseding Indictment and (2) an order directing that the government immediately disclose evidence it intends to introduce at the time of trial pursuant to Federal Rule of Evidence 404(b). We will address these matters in turn.

### A. Motion to Strike

The defendant contends that despite the relatively simple allegations of wire fraud and mail fraud set forth in each of the eleven counts in the First Superseding Indictment, the indictment also relays a myriad of irrelevant and

2

immaterial information. Specifically, the defendant moves to strike allegations concerning his misrepresentations to his clients about his employment history as well as his suspension and debarment by regulatory authorities. The defendant argues that this information is inappropriately contained in the indictment and should therefore be stricken to protect the defendant against prejudicial allegations that are neither relevant nor material to the charges made in the indictment pursuant to Federal Rule of Criminal Procedure 7(d).

An indictment is considered sufficient if it (1) contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. Hamling v. United States, 418 U.S. 87, 117 (1974) (citing Hagner v. United States, 285 U.S. 427, 52 (1932)). An indictment may set forth the offense in the words of the statute itself, as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." Id. (citing United States v. Carll, 105 U.S. 611, 612 (1882)). The language of the statute must, however, be accompanied with a statement of facts and circumstances that will appropriately inform the accused of the specific offence with which he is charged. Id.

The government contends that the defendant's challenged allegations are relevant to the elements of the charged offenses of wire and mail fraud and that these allegations are therefore appropriately contained in the indictment. The government further argues that the defendant has failed to establish that the challenged allegations unfairly portray the facts that will be established at trial. After careful consideration, we agree with the government.

Federal Rule of Criminal Procedure 7(d) gives the court discretion to strike surplusage from an indictment. The scope of that discretion, however, is narrow. See United States v. Pharis, 298 F.3d 228, 248 (3d Cir. 2002) (Cowen, J., dissenting). The purpose of Rule 7(d) is to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in the indictment. In United States v. Hedgepath, the Third Circuit clarified that the test for striking surplusage from an indictment is when the material "is **both** irrelevant (or immaterial) and prejudicial." United States v. Hedgepath, 434 F.3d 609, 612 (3d Cir. 2006) (emphasis added). Because of this stringent standard, motions to strike surplusage are rarely granted. Id.

As noted above, the defendant moves to strike two categories of language from the First Superseding Indictment, the first being allegations concerning his misrepresentations to his clients about his employment history and the second being his suspension and debarment by regulatory authorities. The defendant

4

contends that these allegations are neither relevant nor material to the charges of wire fraud or mail fraud.

In order to prove the crimes of wire and mail fraud, which contain substantially similar elements, the government must establish that: (1) the defendant knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises; (2) that the defendant acted with the intent to defraud; and (3) that in advancing, furthering, or carrying out the scheme, the defendant (a) (for mail fraud) used or caused to be used the mails, or a private commercial interstate carrier; or (b) (for wire fraud) transmitted or caused the transmission of any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce. See United States v. Hanningan, 27 F.3d 890, 892 (3d Cir. 1994) (mail fraud elements); United States v. Andrews, 681 F.3d 509, 518 (3d Cir. 2012) (wire fraud elements).

The government contends that the allegations in the indictment concerning the defendant's misrepresentations to his clients about his employment history as well as his suspension and debarment by regulatory authorities help to establish the first two elements of the charged offenses: that the defendant knowingly devised a scheme and that he acted with the intent to defraud others. The government argues that these allegations go directly to the heart of the

5

defendant's scheme, which the government alleges was a pattern of material misrepresentations and omissions that induced investors to become and remain his clients. We agree with the government that the allegations contained in the indictment are, at the very least, relevant for these purposes.

Further, the defendant, who bears the burden of establishing that the offending language in the indictment is surplusage, has not presented argument as to how this material is prejudicial. As noted above, prejudice to the defendant is one of the two conjunctive factors that must be considered in determining whether language in an indictment constitutes surplusage within the meaning of Rule 7(d). Without argument on this factor, we must deny the defendant's motion to strike.

B. **Notice of Government's Intention to Rely on Other Crimes, Wrongs, Acts and Misconduct Evidence**

Next, the defendant seeks an order from the court directing the government to give pretrial notice of its intention to introduce evidence alleging that the defendant has committed other crimes, wrongs, acts and misconduct pursuant to Federal Rule of Evidence 404(b). The government agrees that it has a duty to provide notice of its intention to introduce such evidence but contends that it is too early in the litigation to provide such notice.

Federal Rule of Evidence 404(b) provides that "Evidence of a crime, wrong, or other act is not admissible to prove the person's character in order to show

that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(B). Such evidence, however, "may ... be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" Id. "On request by a defendant in a criminal case, the prosecutor must: (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial." Id.

What constitutes "reasonable notice in advance of trial" is determined by the circumstances and complexity of the prosecution. See United States v. Johnson, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016). Here, the government has acknowledged its obligation to provide the defendant with reasonable pretrial notice of its intention to offer such evidence. At this stage, however, considering that jury selection and trial have not yet been scheduled, and construing the government's response as an acknowledgement that it will comply with the reasonable notice requirement of Rule 404(b) evidence, we will deny the defendant's request for immediate notice of the government's intention to offer Rule 404(b) evidence.

**III. Conclusion**

For the foregoing reasons, defendant's motion seeking to strike surplusage from the First Superseding Indictment and requesting that the government be

ordered to disclose evidence it intends to introduce at the time of trial will be denied. An appropriate order follows.

**BY THE COURT:**

**Date: July 25, 2019**     **s/ James M. Munley**
           **JUDGE JAMES M. MUNLEY**
           **United States District Court**